IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PAUL BARNEY, # N-73073, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 13-cv-552-MJR |
| ) | |
| DR. LARSON ) | |
| and GARY GERST, ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff, currently incarcerated at Big Muddy River Correctional Center ("BMRCC"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is serving three 20-year sentences for separate robbery convictions. Plaintiff claims that Defendants were deliberately indifferent to his serious medical condition.

More specifically, Plaintiff claims that he suffers from a sciatic nerve condition that causes him constant, excruciating pain. Prior to his incarceration, he had been prescribed 500 mg of naproxen for pain relief, and the medical staff at the other prisons where he has been confined continued him on this pain regimen (Doc. 1, p. 5). However, Defendant Dr. Larson (the physician at BMRCC) has "absolutely refused" to give Plaintiff a prescription for naproxen, citing financial constraints. *Id*. Plaintiff has made repeated requests for help, and submitted grievances, to no avail.

In addition, Plaintiff asserts that on April 9, 2013, he saw Defendant Larson about his condition. During the examination, Defendant Larson had Plaintiff drop his pants, and then Defendant Larson started rubbing Plaintiff's thighs up to his private parts. Plaintiff told

Defendant Larson this made him very uncomfortable, to which Defendant Larson responded, "No one will ever believe you[,] Boy!" (Doc. 1, p. 6).

As to Defendant Gerst (physician's assistant), Plaintiff states he has been "very brutal, disrespectful, and very unprofessional" to Plaintiff (Doc. 1, p. 5).

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant.

Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable federal cause of action against Defendant Larson for deliberate indifference to medical needs **(Count 1)**. In addition, Plaintiff's allegations state an Eighth Amendment claim against Defendant Larson for the fondling incident **(Count 2)**. *See Washington v. Hively*, 695 F.3d 641, 642-44 (7th Cir. 2012) ("An unwanted touching of a person's private parts, intended to humiliate the victim or gratify the assailant's sexual desires, can violate a prisoner's constitutional rights whether or not the force exerted by the assailant is significant."). These claims shall receive further review.

However, Plaintiff's allegations that Defendant Gerst behaved in a "brutal, disrespectful, and very unprofessional" manner fail to state a claim upon which relief may be granted. Plaintiff does not indicate that Defendant Gerst had any involvement in the denial of necessary pain medication. And while the Court does not condone the behavior generally described by Plaintiff, such unprofessional conduct does not violate the Constitution. *See DeWalt v. Carter* 224 F.3d 607, 612 (7th Cir. 2000) (verbal abuse or harassment does not amount

to a constitutional violation). Defendant Gerst shall be dismissed from the action without prejudice.

**Pending Motions**

Plaintiff seeks leave to proceed in this action *in forma pauperis* ("IFP) (Doc. 2). He has submitted an affidavit stating that he earns $10.00 per month from his prison job, but has no other income, and has no assets or cash on hand. However, he has not tendered a complete certified copy of his inmate trust fund account statement. The Court has requested a trust fund statement for the full six-month period immediately preceding the filing of this case from BMRCC, but to date has not received information sufficient to determine the amount of Plaintiff's initial partial payment. Based on Plaintiff's affidavit of indigence, the Court concludes that he is unable to pay in full the $350.00 filing fee in this case at this time, and therefore it is appropriate to permit him to proceed IFP in this case without full prepayment of the fee. At such time as the Court receives from the institution's Trust Fund Officer the certified copy of Plaintiff's trust fund account statement as requested, the Court will enter an order authorizing the Trust Fund Officer to deduct from Plaintiff's trust fund account the initial partial filing fee, and to forward this payment to the Clerk of Court. The order shall also direct subsequent payments to be made pursuant to § 1915 until the filing fee is paid in full. To conclude, Plaintiff's motion to proceed IFP in this case (Doc. 2) is **GRANTED**. The Clerk of Court is directed to send a copy of this Order to Plaintiff and to the Trust Fund Officer at BMRCC.

Plaintiff's motion for recruitment of counsel (Doc. 3) shall be referred to United States Magistrate Judge Williams for further consideration.

The motion for service of process at government expense (Doc. 4) is **GRANTED**

**IN PART AND DENIED IN PART.** Defendant Larson shall be served with the complaint, but no service shall be ordered on dismissed Defendant Gerst.

**Disposition**

Defendant **GERST** IS **DISMISSED** from this action without prejudice.

The Clerk of Court shall prepare for Defendant **LARSON**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file, nor disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of any document was served on Defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or

that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Stephen C. Williams** for further pre-trial proceedings, which shall include a determination on the pending motion for recruitment of counsel (Doc. 3).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Williams for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will

cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: July 1, 2013**

s/ MICHAEL J. REAGAN  
United States District Judge